Case 4:19-cv-01320 Document 19 Filed on 03/04/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LESLIE JAMES TARANTO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-1320 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Limit the Ad Damnum (Doc. 10). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **GRANTED**.

On April 24, 2017, Plaintiff was driving a motorcycle when he was injured in a collision with a United States Postal Service ("USPS") vehicle.[2] On April 17, 2018, Plaintiff filed an administrative claim with the USPS.[3] Included with Plaintiff's claim was a formal demand letter under the letterhead of Plaintiff's current counsel.[4]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 16, Ord. Dated Feb. 14, 2020.

[2] See Doc. 10, Def.'s Mot. to Limit the Ad Damnum.

[3] See Doc. 10-1, Ex. B to Def.'s Mot. to Limit the Ad Damnum, Pl.'s Admin. Claim.

[4] See id.

The demand letter contained the following: (1) a representation that an investigation of the case had concluded; (2) a detailed version of the facts surrounding the accident; (3) a list of the injuries Plaintiff sustained including scratches, bruises, diminished bone density, and fractures to his nose, right arm, pelvis, and fingers; (4) a thorough recitation of the medical treatment that Plaintiff underwent as a result of the accident including x-rays, CT scans, reconstructive surgery, and rehabilitation; (5) the long term effect of Plaintiff's injuries including that he was unable to move his right arm, hand, and fingers; (6) the physical limitations Plaintiff experienced including that he was unable to work or do household chores; (7) a list of Plaintiff's damages that totaled $316,624.55 and included his actual damages to date and compensatory damages for future medical expenses, past pain and suffering, future pain and suffering, past impairment, past disfigurement, and future disfigurement; and (8) a demand for $316,624.55.[5]

On January 24, 2019, Defendant denied Plaintiff's claim.[6] As a result, on April 10, 2019, Plaintiff filed this lawsuit under the Federal Tort Claims Act ("FTCA").[7] See 28 U.S.C. § 2671 et seq. Defendant filed its pending motion to limit the ad damnum on

---

[5] See id.

[6] See Doc. 10-1, Ex. C to Def.'s Mot. to Limit the Ad Damnum, Claim Rejection Letter.

[7] See Doc. 1, Pl.'s Orig. Compl.

2

November 21, 2019.[8]  Plaintiff filed a response to Defendant's motion to limit the ad damnum on December 19, 2019.[9]  The following day, Defendant filed a reply in support of its motion to limit the ad damnum.[10]

In its motion, Defendant argues that under the FTCA Plaintiff is limited to the amount of damages claimed at the administrative level.  Plaintiff responds that Defendant's motion is premature and additional discovery is necessary prior to ruling on this issue.

Under the FTCA, a plaintiff is not permitted to institute a lawsuit for an amount greater than "the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."  28 U.S.C. § 2675(b).  Plaintiff presented a claim for $316,624.55 to the USPS.  Thus, Plaintiff is limited to recovering a maximum of $316,624.55 unless an exception to the rule can be shown.

To support his argument, Plaintiff cites to cases where the court did not consider this issue until much later in the case or after evidence was presented at trial.  Plaintiff is correct that

---

[8]     See Doc. 10, Def.'s Mot. to Limit the Ad Damnum.

[9]     See Doc. 14, Pl.'s Resp. to Def.'s Mot. to Limit the Ad Damnum.

[10]    See Doc. 15, Def.'s Reply in Support of Mot. to Limit the Ad Damnum.

the court could consider this issue at a later time. However, Plaintiff has not given the court any reason to believe that there will be newly discovered evidence or intervening facts that would make Plaintiff's original demand inadequate.

Plaintiff argues that "neither he nor his counsel is a doctor and could know that his injuries would not heal properly, impacting his life and earning ability . . . or that his injuries might worsen."[11] To support the first allegation, Plaintiff cites to his economic/financial damages expert's report. Plaintiff specifically cites to the portion of the report "outlining the loss of wages due to [Plaintiff's] inability to resume work."[12] It is unclear to the court how this non-medical expert report is relevant to the court's inquiry. In his administrative demand, Plaintiff specifically noted that he was unable to move his right arm, hand, and fingers, and that "[h]e [was] no longer able to work or perform household chores."[13] It appears that Plaintiff's inability to work and permanent impairment was known to Plaintiff at the time he presented his claim to the USPS.

Regarding his contention that his injuries might worsen, Plaintiff cites to a case where a plaintiff was allowed to increase her demand because she had to undergo a knee surgery over a year

---

[11] See Doc. 14, Pl.'s Resp. to Def.'s Mot. to Limit Ad Damnum p. 4.

[12] See id.

[13] See Doc. 10-1, Ex. B to Def.'s Mot. to Limit the Ad Damnum, Pl.'s Demand p. 2.

and a half after she had filed her administrative claim. See Allgeier v. United States, 909 F.2d 869, 877–78 (6th Cir. 1990). This case supports an increased demand where an additional surgery or unexpected medical treatment was required. However, Plaintiff has not provided any evidence that he will require an unexpected medical treatment or surgery. Plaintiff cannot simply cite to a case where an increased demand was allowed and argue that he is entitled to similar treatment in the present lawsuit.

Finally, Plaintiff argues that "[t]he law permits factual development to determine whether Plaintiff's condition has deteriorated, as has been represented by Plaintiff to counsel."[14] Plaintiff further posits that "a declaration from Plaintiff or his counsel will not satisfy the legal standard alone."[15] But production of a declaration from Plaintiff outlining his present condition and a declaration from Plaintiff's physician verifying the same are clearly within Plaintiff's control and do not require court permission to obtain. In his response, Plaintiff did not even bother to describe how his condition is worsening. The court cannot accept a generalized and unsupported statement as newly discovered evidence or intervening facts that support an increased demand.

Plaintiff has not presented any newly discovered evidence or

---

[14] See Pl.'s Resp. to Def.'s Mot. to Limit Ad Damnum p. 4.

[15] See id.

5

evidence of an intervening fact that would allow Plaintiff to increase his demand. Further, outside of his general claim that his condition is worsening, Plaintiff has not even alleged that there is newly discovered evidence or an intervening fact that supports increased damages. Accordingly, the court is unconvinced that delaying resolution of this issue is necessary.

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion to Limit the Ad Damnum be **GRANTED**. If this recommendation is adopted, Plaintiff's claim will be limited to $316,624.55, the amount he claimed at the administrative level.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of March, 2020.

Nancy K. Johnson
United States Magistrate Judge

6